**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2016 FEB 24  PM 1: 49

CLERK
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY

**LINH TRAN, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,**
                    **Plaintiff,**

-vs-

**XBIOTECH INC., JOHN SIMARD, and
QUENNA HAN,**
                    **Defendants.**

**CAUSE NO.:
A-15-CA-01083-SS**

# O R D E R

BE IT REMEMBERED on the 1st of February 2016, the Court held a telephone conference in the above-styled cause, and the parties appeared through counsel. Before the Court are Plaintiff Matthew Solis' Motion to Appoint Counsel and Lead Plaintiff [#17], Plaintiff Kresimir Corak's Motion to Appoint Counsel and Lead Plaintiff [#20], and Defendants XBiotech Inc., John Simard, and Quenna Han's Response [#30] thereto.[1] Having considered the documents, the case as a whole, and the governing law, the Court now enters the following opinion and orders.

## Background

This is a securities fraud class action brought under the Securities Exchange Act of 1934 on behalf of all persons who acquired stock in XBiotech Inc. from April 15, 2015, to November 23, 2015 (Class Period). The complaint named XBiotech Inc. (Company), Chief Executive Officer John Simard, and Vice President Quenna Han as defendants.

---

[1] Defendants XBiotech., John Simard, and Quenna Han also filed an Unopposed Motion for Extension of Time to File Answer and Briefing Schedule [#13], which the Court hereby GRANTS. The scheduling order is entered simultaneously with this order.

According to the complaint, the Company made materially false and misleading statements in its Registration Statement and Prospectus and failed to disclose adverse facts about the Company's business, operations, and prospects. As a result of Defendants' materially false and misleading statements, the complaint alleges, the Company's stock traded at artificially inflated prices. Once the misleading statements were revealed, the stock prices dropped approximately 34% to close at $8.75 per share.

This action was commenced on December 2, 2015, and notice was published to potential class members that same day in the *Business Wire*, a widely circulated national business-oriented wire service. *See* Solis' Mot. Appt. Lead Pl. [#17-3] Ex. A (Press Release) at 1. On February 1, 2016, Plaintiffs Matthew Solis and Kresimir Corak filed separate motions seeking appointment as lead plaintiff and approval of their selection of lead counsel and liaison counsel.

## Analysis

### I.     Legal Standard

The Private Securities Litigation Reform Act of 1995 (PSLRA) requires a plaintiff, within twenty days of filing a class action, to publish "in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (1) of the pendency of the action, the claims asserted therein, and the purported class period; and (2) that, not later than [sixty] days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u–4(a)(3)(A)(i). Once notice of the action is published, the Court shall consider any motion made by a purported class member to serve as lead plaintiff. *Id.* § 78u–4(a)(3)(B).

The PSLRA provides a two-step process for appointing lead plaintiff: the Court first identifies the presumptive lead plaintiff and then determines whether any member of the

prospective class has rebutted that presumption. *Id.* § 78u–4(a)(3)(B)(iii). The presumptive lead plaintiff has (1) either filed the complaint or made a motion in response to a notice, (2) the largest financial interest in the relief sought by the class, and (3) otherwise satisfied the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *Id.* § 78u–4(a)(3)(B)(iii)(I). The presumption can be rebutted when a class member offers proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u–4(a)(3)(B)(iii)(II).

## II.   Application

The Court first determines which plaintiff has the largest financial interest in the relief sought by the class, then turns to whether this plaintiff has made a prima facie showing that he meets the typicality and adequacy requirements of Rule 23.[2] If so, the Court must appoint him lead plaintiff, unless a class member can establish that the presumptive lead plaintiff is subject to a "unique defense." Defendants take no position as to who should be appointed lead plaintiff and lead counsel for the putative class. *See* Resp. [#30] at 1.

With a loss of approximately $735,864, Corak has the largest financial interest in the relief sought by the class. *See* Corak's Mot. Appt. Lead Pl. [#20-1] Ex. 1 (Corak Memo) at 8. This loss is far greater than Solis' claimed financial loss of $8,109. *See* Solis' Mot. Appt. Lead Pl. [#17-1] Ex. 1 (Solis Memo) at 7. The Court must therefore determine whether Corak has made a prima facie showing that he meets the typicality and adequacy requirements of Rule 23. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should

---

[2] At the outset, the Court notes that both Solis and Corak met the notice requirements set forth under the PSLRA by filing a motion for appointment as lead plaintiff within sixty days of publication of notice to class members. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i).

be confined to determining whether the movant has made a prima facie showing of typicality and adequacy.").

## A.   Typicality

A plaintiff meets the typicality requirement when his legal claim has the same essential characteristics as those of the other proposed class members. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002). Factual differences between claims will not defeat typicality if the claims arise from a similar course of conduct and share the same legal theory. *See Stott v. Capital Fin. Servs., Inc.*, 277 F.R.D. 316, 325 (N.D. Tex. 2011).

Corak's claims have the same essential characteristics as the claims of the other proposed class members. The complaint alleges that the putative class suffered losses by purchasing Company stock at prices artificially inflated by Defendants' materially misleading statements about the Company's business, operations, and prospects. Corak's factual allegations are identical: a purchase of the stock at an inflated stock price during the Class Period followed by the precipitous loss in investment value. These shared claims satisfy the typicality requirement of Rule 23(a)(3).

## B.   Adequacy

To determine whether Corak meets the adequacy requirement, the Court looks to "(1) the zeal and competence of [Corak's] counsel and (2) the willingness and ability of [Corak] to take an active role in and control the litigation and to protect the interests of absentees." *See Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005). "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625–26 (5th Cir. 1999).

Corak has selected Bronstein Gewirtz & Grossman LLC as lead counsel and Abraham, Watkins, Nichol, Sorrels, Agosto & Friend as liaison counsel. The Court is satisfied that Corak's selected counsel is sufficiently qualified to represent the class. The Court further finds Corak is an adequate representative. Corak lost over $700,000 by purchasing Company stock during the Class Period and has no apparent conflicts of interest with the other class members. Indeed, Corak likely has the greatest willingness and ability to take an active role in the litigation and protect the interests of the absentees, precisely because he suffered the greatest financial loss. This is sufficient to make a preliminary showing of adequacy under Rule 23(a)(4).

Having determined Corak is the plaintiff with the largest financial interest and his claims satisfy the typicality and adequacy requirements, Corak is entitled to the presumption that he is the "most adequate plaintiff" to serve as lead plaintiff. Moreover, this presumption stands unchallenged, because the Court is not aware of—nor has Solis offered—any unique defenses that would render Corak incapable of adequately representing the class.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants XBiotech Inc., John Simard, and Quenna Han's Unopposed Motion for Extension of Time to File Answer and Briefing Schedule [#13] is GRANTED;

IT IS FURTHER ORDERED that Matthew Solis' Motion to Appoint Counsel and Lead Plaintiff [#17] is DENIED;

IT IS FURTHER ORDERED that Kresimir Corak's Motion to Appoint Counsel and Lead Plaintiff [#20] is GRANTED;

IT IS FURTHER ORDERED that Kresimir Corak is appointed Lead Plaintiff for the Class;

IT IS FURTHER ORDERED that Bronstein Gewirtz & Grossman LLC is appointed as Lead Counsel for the Class; and

IT IS FINALLY ORDERED that Abraham, Watkins, Nichol, Sorrels, Agosto & Friend is appointed as Liaison Counsel for the Class.

SIGNED this the ___23___ day of February 2016.



_Sam Sparks_
_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

6